## STATE v. RUTRELL.
No. 168.
Circuit Court, Broward County.
November 4, 1971.

Ralph Ray, Assistant State Attorney, for the state.

Kenneth Mikos of Kersten, Friedrich & Blackwell, Fort Lauderdale, for the defendant.

Paul & Thomson, Miami, and Fleming, O'Bryan & Fleming, Fort Lauderdale, for the petitioners.

LAMAR WARREN, Circuit Judge.

This cause came on for consideration on the joint petition of Gore Newspapers Company and the Miami Herald Publishing Company to vacate oral orders of this court on November 1 and 2, 1971, and to modify its written order of November 3, 1971, entered on the defendant's motion, while the court heard the motion to suppress of the defendant, who was charged with a capital crime. The intent of the orders was to control publicity prejudicial to the defendant, in that it would tend to adversely affect the rights of the defendant to a fair trial in the eyes of the jury and would tend to wipe out in the eyes of the jury the defendant's presumption of innocence.

From a close examination of the authorities presented by counsel, it appears that the courts may not limit the right of the news media to print an account of that which transpires in "open court."

The evidence to be given and given on the motion to suppress of the defendant was considered by the court to be prejudicial to the defendant, however, while it was heard by the court in the absence of the jury it nevertheless was heard in the courtroom in the presence of the public, not in isolation. This appears to be the cleavage by the authorities. Phoenix Newspapers, Inc. v. Superior Court (1966), 418 P. 2d 594; State ex rel Superior Ct. of Snohomish Co. of Sperry, Wash., 483 P. 2d 608.

It is therefore ordered that the oral orders of the court entered on November 1 and 2, 1971, are vacated, and the written order of the court entered on November 3, 1971 as of November 1, 1971, the latter as it applies to the petitioners, is modified to eliminate the inclusion of the petitioners therein.